**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jack Scott, | ) | No. CV-11-0414-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Bank of New York Mellon Trust | ) | |
| Company, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

We have before us five motions: (1) defendants' motion to dismiss (doc. 6), plaintiff's response (doc. 14), and defendants' reply (doc. 17); (2) plaintiff's motion for a preliminary injunction (doc. 12); (3) plaintiff's motion to remand (doc. 15), defendants' response (doc. 19), and plaintiff's reply (doc. 20); (4) plaintiff's motion for reconsideration (doc. 18) of our order denying his motion for a temporary restraining order (doc. 16); and (5) defendants' motion for sanctions (doc. 21), and plaintiff's response (doc. 22).

This action is plaintiff's second attempt to undo the sale of property at 7628 E. Onyx Court, Scottsdale, AZ ("the property"). In August, 2009, plaintiff filed a quiet title action in the Superior Court of Arizona in Maricopa County, and defendants removed. See Scott v. Bank of New York Mellon Trust Company, et al., No. CV-09-2056. Judge Bolton entered the parties' requested preliminary injunction, which prevented defendants from interfering with plaintiff's possession of the property until the action was resolved. See Order of October 26, 2009 (doc. 18), No. CV-09-2056. Judge Bolton then granted defendants' motion

for summary judgment on plaintiff's single cause of action to quiet title to the property and dissolved the preliminary injunction. See Order of August 13, 2010 at 5 (doc. 45), No. CV-09-2056. Plaintiff appealed that decision to the United States Court of Appeals for the Ninth Circuit. See Amended Notice of Appeal (doc. 67), No. CV-09-2056. The appeal is currently pending. See Complaint at 14. Judge Bolton also denied plaintiff's motions to "amend the judgment," to stay the enforcement of judgment, and for reconsideration of the denial of his motion to reinstate the preliminary injunction.

Defendants then filed a forcible entry and detainer action in the Superior Court of Arizona in Maricopa County. See Complaint at 15. Plaintiff subsequently filed an action in the Superior Court contending that defendants' detainer action is in breach of the preliminary injunction entered in the litigation before Judge Bolton, and defendants removed. We denied plaintiff's motion for a temporary restraining order (doc. 16).

**I**

We first consider plaintiff's motion to remand. Plaintiff argues that defendants have not established complete diversity and that the amount in controversy does not exceed $75,000, pursuant to 28 U.S.C. § 1441. Motion to Remand at 3, 5.

**A**

Plaintiff is a citizen of Arizona. According to defendants, defendant Bank of New York Mellon Trust Company is Delaware company with its principal place of business in New York. See Notice of Removal (doc. 1).[1] Defendants GMAC Mortgage, Residential Funding Company, LLC, and Homecomings Financial, LLC are limited liability companies organized under the laws of Delaware. An "LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). All three LLC defendants are wholly owned indirect subsidiaries of Ally Financial, Inc., a Delaware corporation with its principal place of business in

---

[1] While defendant uses the word "company," we assume the Bank is a corporation because counsel has failed to describe the Bank's ownership.

- 2 -

1  Michigan. See Notice of Removal at 4. A corporation is a citizen only of the state in which
2  it is incorporated and where it has its principal place of business. See 28 U.S.C. §
3  1332(c)(1). Because Ally Financial is not a citizen of Arizona, neither are the wholly-owned
4  LLC defendants. Plaintiff provides no evidence contradicting defendants' allegations
5  regarding their citizenship. There is complete diversity among the parties.

**B**

7  The amount in controversy exceeds $75,000. Plaintiff brought this action to prevent
8  defendants from interfering with his possession of the property, which he alleges breaches
9  an agreement entered in the 2009 action. See Complaint, ¶ 21. Plaintiff contends that he
10 seeks "only that the Defendants be compelled to comply with the terms of the agreement."
11 Motion to Remand at 5. That "agreement," a preliminary injunction, prohibited defendants
12 from "selling, transferring, conveying, disposing, encumbering or otherwise transacting with
13 the Property or any interest therein, until there is a resolution of the above-captioned action."
14 Order of August 13, 2010 at 5 (doc. 45), No. CV-09-2056. "In actions seeking declaratory
15 or injunctive relief, it is well established that the amount in controversy is measured by the
16 value of the object of the litigation." Hunt v. Washington State Apple Advertising Com'n,
17 432 U.S. 333, 347, 97 S.Ct. 2434, 2443 (1977). Therefore, the amount in controversy in this
18 action for injunctive relief is the value of the subject of the injunction from the 2009 action,
19 which is the property. Defendants allege that defendant Bank of New York Mellon Trust
20 purchased the property at foreclosure for $400,500, the property secured a $495,000 loan,
21 and that plaintiff is more than $75,000 in arrears on his loan payments. Notice of Removal,
22 ¶ 19. Plaintiff introduces no evidence that contradicts defendants' assertions about the value
23 of the property. We therefore conclude that the amount in controversy exceeds $75,000.
24 Because there is complete diversity among the parties and the amount in controversy
25 exceeds $75,000, we deny plaintiff's motion to remand (doc. 15).

**II**

27 Defendants move to dismiss on the grounds that plaintiff's complaint is barred by res
28 judicata. "To trigger the doctrine of res judicata, the earlier suit must have (1) involved the

- 3 -

1 same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." Sidhu v. Flecto Co., Inc., 279 F.3d 896, 900 (9th Cir. 2002) (citing Hydranautics v. FilmTec Corp., 204 F.3d 880, 887 (9th Cir.2000)).

In determining whether this suit contains the same claims as the 2009 action, we consider: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether the two suits involve infringement of the same right; (3) whether substantially the same evidence is presented in the two actions; and (4) whether the two suits arise out of the same transactional nucleus of facts." Sidhu, 279 F.3d at 900 (citing Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1405 (9th Cir. 1993)). Judge Bolton previously concluded that defendants have rightful title to the property and the right to pursue a forcible detainer action against plaintiff. Thus, any action on our part would impair that right. Plaintiff previously attempted to reinstate the preliminary injunction, and therefore this action implicates the same rights and depends on the same evidence. Both actions arise out of the same nucleus of facts; the foreclosure of the property. Plaintiff's attempt to distinguish this action as one concerning the breach of "an agreement" in connection with the 2009 action, rather than as one about permanent title to the property, is unavailing. The only agreement plaintiff points to is the preliminary injunction that Judge Bolton dissolved. There is no evidence of any other contractual arrangement between the parties, and therefore no operative facts and no claims distinct from those previously litigated. Res judicata bars all claims that were, or could have been, asserted.

Judge Bolton's grant of summary judgment to defendants constitutes a final judgment in the 2009 action, irrespective of the appeal pending before the Ninth Circuit. See Tripati v. Henman, 857 F.2d 1366, 1367 ("To deny preclusion in these circumstances would lead to an absurd result: Litigants would be able to refile identical cases while appeals are pending, enmeshing their opponents and the court system in tangles of duplicative litigation."). The two actions also involve the same parties.

Plaintiff's effort to enforce an injunction that was previously lifted and to relitigate

- 4 -

1    claims that have been adjudicated is barred by res judicata. We therefore grant defendants'
2    motion to dismiss with prejudice (doc. 6).

### III

4    Because we grant defendants' motion to dismiss, we deny as moot plaintiff's motions
5    for a preliminary injunction (doc. 12) and for reconsideration of our denial of a temporary
6    restraining order (doc. 18).

### IV

8    Pursuant to Rule 11, Fed. R. Civ. P., defendants move for sanctions in the form of an
9    order requiring plaintiff to seek leave from the court prior to filing "any additional state or
10   federal court actions against Defendant related to the facts and allegations set forth in the
11   above-captioned action and such other sanctions as the Court deems appropriate to deter the
12   conduct complained of herein." Motion for Sanctions at 1. Defendants argue this sanction
13   is necessary because plaintiff has filed several meritless actions and motions intended to
14   forestall a valid foreclosure of the property. Id. at 2. Plaintiff contends that his allegations
15   are not frivolous or vexatious, and that this is his first action for "breach of an agreement."
16   See Response to Motion for Sanctions at 5–6.

17   We may impose sanctions upon a determination that plaintiff's filings are presented
18   for an improper purpose, not warranted by existing law, or lacking in factual support. See
19   Fed. R. Civ. P. 11. Plaintiff's effort to enforce a vacated preliminary injunction is clearly
20   meritless. However, we take into account plaintiff's pro se status when determining whether
21   the filing was reasonable. Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994). There is
22   no evidence that plaintiff's misguided belief in the viability of his claims is less than genuine.
23   It is possible that plaintiff's post-trial motions in the 2009 action, as well as the meritless
24   complaint before us, reflect plaintiff's ignorance of the law, rather than an improper intent.
25   Moreover, while we have the authority to enjoin further litigation, we decline, at this time,
26   to burden this court with the screening of any future filings.

27   Instead, we encourage plaintiff to acknowledge what by now should be abundantly
28   clear: no remedy is available in this court. Now on notice, he will be declared a vexatious

1  litigant should he file another action involving this property.

## V

**IT IS ORDERED DENYING** plaintiff's motion to remand (doc. 15). **IT IS ORDERED DENYING** plaintiff's motion for a preliminary injunction (doc. 12), plaintiff's motion for reconsideration of our denial of a temporary restraining order (doc. 18), and defendants' motion for sanctions (doc. 21).

**IT IS FURTHER ORDERED GRANTING** defendants' motion to dismiss with prejudice (doc. 6).

DATED this 13th day of May, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge